IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD LEE KIRK,

    Petitioner,                    No. 2:10-cv-0677-GEB-JFM (HC)

  vs.

R.A. BARNES,

    Respondent.                FINDINGS & RECOMMENDATIONS

         Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has been in the custody of the California Department of Corrections and Rehabilitation since 1986 following a conviction for second-degree murder and forgery, for which he was sentenced to a term of life with the possibility of parole. See Answer, Ex. 1. In the petition pending before the court, petitioner challenges a September 4, 2008 prison disciplinary conviction for possession of a controlled substance. Petitioner was assessed, inter alia, a 130 day loss of credit. See id., Ex. 2. Upon careful consideration of the record and the applicable law, the undersigned recommends that petitioner's application for habeas corpus relief be denied.

/////

/////

1

BACKGROUND

On July 5, 2008, a correctional officer ("CO") observed petitioner and another inmate, Rash, conversing outside of petitioner's cell. Answer, Ex. 2 at 1. The CO observed petitioner hand Rash an item, who then placed said item in his shorts and walked away. Id. The CO immediately subjected Rash to a clothed body search, upon which he found hidden inside Rash's shorts a small plastic bag containing drug paraphernalia. Id. Both petitioner and Rash were placed in handcuffs. Id.

On August 26, 2008, a Rules Violation Report issued charging petitioner with possession of a controlled substance. Answer, Ex. 2 at 3.

On September 4, 2008, petitioner was found guilty of possession of a controlled substance following a disciplinary hearing wherein petitioner, the arresting CO and a Senior Hearing Officer were present. See Answer, Ex. 2 at 6. Although petitioner requested the presence of Rash, the Senior Hearing Officer stipulated to the contents of Rash's statement – namely, that petitioner did not pass any contraband to Rash. Id. Upon consideration of the CO's testimony and the contents of the disciplinary report, as well as the lack of incriminating evidence in petitioner's cell or on his person, and petitioner's medical clearance showing no signs of a controlled substance in his system, petitioner was found guilty and assessed a 130-day loss of credit. Id. Petitioner was also assessed a 90-day loss of visits followed by 90-days of visits with no contact. Id. at 6-7.

On March 3, 2009, petitioner filed a petition for writ of habeas corpus in the Lassen County Superior Court challenging the sufficiency of the evidence and the failure of Senior Hearing Officer to call Rash as a witness. See Answer, Ex. 3.

On March 11, 2009, petitioner's petition for writ of habeas corpus was denied. Answer, Ex. 4.

On April 2, 2009, petitioner appealed to the California Court of Appeal, Third Appellate District. Answer, Ex. 5.

On April 9, 2009, the petition was summarily denied by the state appellate court. Answer, Ex. 6.

On May 4, 2009, petitioner appealed to the California Supreme Court, which summarily denied review on June 10, 2009. Answer, Exs. 7-8.

On October 1, 2009, petitioner filed the instant petition. On June 3, 2011, respondent filed an answer. On July 18, 2011, petitioner filed a traverse.

DISCUSSION

1. <u>Standards</u>

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. <u>Early v. Packer</u>, 537 U.S. 3, 7 (2002) (<u>citing</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. <u>Williams</u>, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court

3

decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 76 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")  The court looks to the last reasoned state court decision as the basis for the state court judgment.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).

2.   State Court Opinion

The last reasoned state court decision is from the Lassen County Superior Court's March 11, 2009 decision denying petitioner's habeas petition:

> Petitioner, an inmate at the California Correctional Center, challenges the finding of a disciplinary proceeding at the above institution (Log #L08-08-059) held on 9/04/08 at which he was found guilty of possession of a controlled substance in an institution.
>
> Petitioner attacks the testimony of the reporting witness as unreliable because the officer could not particularize an item which he saw petitioner hand another inmate and which the other placed in his shorts.  (A search of the other inmate disclosed a package of drug paraphernalia including a substance which was identified as black tar heroin upon testing in his shorts.)  He alleges the proceeding denied him his due process rights in that the other inmate (in whose shorts the contraband was found) was not allowed to testify in petitioner's behalf following the Senior Hearing Officer's stipulation that the record reflect that said inmate would testify that petitioner [did] not pass contraband to him.
>
> The court will not examine the whole record, independently assess the credibility of witnesses or weigh the evidence.  The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.  The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators which have some basis in fact.  (See *Superintendent v. Hill* (1985) 472 U.S. 445, 455-456.)  The petition does not establish that there was no evidence to support the disciplinary decision.  The petition for writ of habeas corpus is denied.

Answer, Ex. 4.

3.   Analysis

An inmate in California is entitled to due process before being disciplined where the discipline imposed will affect the duration of his sentence.  See Sandlin v. Conner, 515 U.S. 472, 484, 487 (1995).  However, the right to due process is subject to the restrictions imposed by

4

the nature of the penal system: "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due to a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  The Supreme Court established five procedural requirements in a prison disciplinary proceeding: (1) written notice of the charges; (2) a minimum of twenty-four hours from the time the prisoner receives notice and the time of the hearing; (3) "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action;" (4) the right of a prisoner to defend by calling witnesses and presenting documentary evidence, when doing so is not hazardous to institutional safety or correctional goals; and (5) legal assistance when the inmate is illiterate or the issues are legally complex.  Id. at 563–71.

In addition to the procedural requirements, there must be "some evidence" to support the findings for due process to be satisfied.  Superintendent v. Hill, 472 U.S. 445, 457 (1985); Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).  The Supreme Court explained ascertaining whether the "some evidence" standard is met "does not require an examination of the entire record, independent assessment of the credibility of witnesses, or weighing the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455–56.  Further, the evidence upon which the disciplinary board bases its opinion must have "some indicia of reliability," such that the Court may ascertain the findings were not "without support or otherwise arbitrary." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).

In the facts and circumstances presented here, petitioner was not denied due process.  He received prior and adequate notice of the charges against him.  The record contains a written statement of the evidence relied upon by the hearing officer and the record of the hearings held in relation to the charge at issue here demonstrate that petitioner was denied a witness on the basis that the hearing officer stipulated to the contents of the witness's statement.

///

At the disciplinary hearing, the hearing officer found petitioner guilty of possession of a controlled substance based upon the following evidence: the CO's testimony and the contents of the disciplinary report. Although Rash was not called as a witness, his testimony was stipulated to by the hearing officer. Notably, the relevant inquiry as to whether there is "some evidence" to support the findings is whether there is any evidence that supports the conclusion. Hill, 472 U.S. at 455-56. With the many reasons set forth in the report of the hearing officer, it is obvious that "some evidence" exists to support a finding that petitioner was in possession of a controlled substance. Therefore, the state court reasonably concluded there was some evidence to uphold the decision of the hearing officer.

For the foregoing reasons, petitioner's application for a writ of habeas corpus should be denied. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). The undersigned finds that petitioner has not made a substantial showing and thus recommends that a certificate of appealability not be issued.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be denied; and

2. The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
2  objections shall be filed and served within fourteen days after service of the objections.  The
3  parties are advised that failure to file objections within the specified time may waive the right to
4  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: August 8, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;kirk0677.157